HONORABLE THOMAS S. ZILLY

UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONIQUE LE, an individual;
        Plaintiff,

v.

THE KING COUNTY DEPARTMENT OF ADULT DETENTION (King County Jail), and KING COUNTY, a county entity and political subdivision of the State of Washington;

        Defendant.

CASE NO. 2:12-cv-01256-TSZ

**AMENDED COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

## I. PARTIES

1.1 Plaintiff Monique Le is a resident of King County, Washington.

1.2 Defendant King County, at all times material to the cause of action, has been a legitimate county government or political subdivision recognized under the laws of the State of Washington. Defendant King County includes, as one of its agencies, the King County Jail aka King County Department of Adult Detention. Defendant King County is liable for the actions of its agents, employees, or officials in this matter pursuant the doctrine of *Respondeat Superior*.

1.3 Defendant, King County Jail, is an agency of the Defendant King County.

AMENDED COMPLAINT FOR DAMAGES 1

## II. JURISDICTION AND VENUE

2.1 Jurisdiction and venue are before Western District of Washington, Federal Court. This case was originally filed in King County Superior Court. This case was removed to Federal Court, as it contained a Federal Claim of a civil rights violation. This Amended Complaint has this civil rights violation removed. Counsel will be seeking to have this case remanded back to King County Superior Court as in the amended complaint, there are no federal issues. Plaintiff will be seeking an agreed order from the Defendant for the remand. Should an agreement not be forthcoming, Plaintiff will file a motion to have this case remanded back to King County Superior Court. King County Superior Court would be the proper venue and jurisdiction, as the Plaintiff and Defendant reside in King County, all the acts alleged herein occurred in King County, and none of the issues now raised are of a federal matter.

2.2 Prior to the institution of this action, Plaintiff Monique Le timely filed a claim for damages with King County on March 29, 2012, pursuant to RCW 4.96.020. Over 60 days have elapsed since the filing of Plaintiff's claim, pursuant to RCW 4.96.020.

## III. FACTS

3.1  Plaintiff Monique Le and her ex-husband, Tony Mai, had finalized their divorce on June 1, 2009, one month prior to the incident. On July 4, 2009, Tony Mai was at Plaintiff's condo to watch the July 4 fireworks. Tony Mai and was there until 2:30 a.m. with Plaintiff and their child in common. At the time, a Parenting Plan was in effect, and Tony Mai was scheduled to have a 3 hour visitation the following day, July 5, 2009.

AMENDED COMPLAINT FOR DAMAGES 2

3.2     On July 5, 2009, Mai failed to pick up the child for his visitation time at the scheduled time. At approximately 2:55 p.m., Plaintiff Monique Le arrived at 2221 Gilman Drive West, Seattle, WA, Tony Mai's condo, with their nursing child, then 14 months of age, to deliver her for the scheduled visitation.

3.3     After arriving at 2221 Gilman Drive West, Seattle, Plaintiff Monique Le proceeded to Mai's condo where Plaintiff attempted to drop off her daughter with Mai. Plaintiff placed their child in Mai's living room and headed toward the door.  Mai blocked Plaintiff's exit and demanded Plaintiff leave with their child or not leave at all.

3.4     On July 5, 2009 at approximately 3:00 p.m., 9-1-1 received a phone call from Mai alleging Plaintiff Monique Le had broken into his condo.

3.5     During the 9-1-1 call, Mai refused to let Plaintiff Monique Le leave his condo.

3.6     On July 5, 2009 at approximately 3:00 p.m., Plaintiff Monique Le called 9-1-1 stating that Mai was imprisoning her and refused to let her leave.  The 9-1-1 operator told Mai to let Plaintiff Monique Le leave the condo.

3.7     On July 5, 2009 at approximately 3:05 p.m., Seattle Police Officer Burns, and Seattle Police Officer Robertson, responded to Mai's 9-1-1 call.

3.8     On July 5, 2009 at approximately 3:10 p.m., Plaintiff Monique Le left the condo building and waited for police in her car.

3.9     On July 5, 2009, at approximately 3:20 p.m., Plaintiff Monique Le waived down Seattle Police Officer Norton at 14th Ave. W. and Gilman Drive W.

3.10    During the course of investigating the complaint, Officer Norton was informed that Plaintiff Monique Le's ex-husband, Toni Mai, had a criminal record of Assault with a

AMENDED COMPLAINT FOR DAMAGES 3

Swift & McDonald, P.S.
1809 Seventh Avenue, Suite 1108
Seattle, WA 98101
Tel: (206) 441-3377
Fax: (206) 224-9908

Deadly Weapon out of the state of California. Officer Norton dismissed this, stating that he was not concerned because that happened in another state. Officer Norton was then informed that Tony Mai was on probation for Domestic Violence against Plaintiff Monique Le in Washington State. Officer Norton acknowledged this without a response.

3.11    At no time did the Officers have cause to believe Plaintiff Monique Le was perpetrator of domestic violence or instigator of a crime. According to the report, Plaintiff was calm. In the Suspect Information section, under sub-heading "Armed/Dangerous", Officer James Norton checked the box "No".

3.12    After speaking with Mai and Plaintiff Monique Le, Seattle Police Officer Burns told Plaintiff Monique Le that because Mai and Plaintiff Monique Le were in a past domestic violence relationship, the Officers decided to arrest Plaintiff Monique Le. Plaintiff Monique Le clarified to the Officers that the past domestic violence was perpetrated by her ex-spouse, Tony Mai, against her and not the other way around.

3.13    Seattle Police Officer Burns told Plaintiff Monique Le that he had spoken with the other Officers and the decision was made to arrest Plaintiff Monique Le.

3.14    Plaintiff Monique Le stated, "I didn't do anything criminal, this is a domestic issue," to which Seattle Police Officer Burns repeatedly replied, "But you should not have brought the baby down late." Plaintiff informed Officer Burns that she was a nursing mother to the child present at the scene and that her baby nurses "on demand".

3.15    During the 30 minutes, the three officers left Plaintiff alone on the side of the road, and went to talk to her ex-spouse inside his condo. Alarmed of the amount of time the Officers were taking inside with Tony Mai, Plaintiff Monique Le placed a personal

AMENDED COMPLAINT FOR DAMAGES 4

Swift & McDonald, P.S.
1809 Seventh Avenue, Suite 1108
Seattle, WA 98101
Tel: (206) 441-3377
Fax: (206) 224-9908

cell phone call to Seattle Police Officer Jan Moon's personal cell phone, an acquaintance of Plaintiff Le.  Plaintiff related to Officer Moon the essential facts of the incident and asked Officer Moon if there would be an arrest. Officer Moon responded he believed that was a domestic issue, not criminal, and therefore an arrest would not be an appropriate remedy.

3.16     At the time of arrest, Plaintiff Monique Le informed arresting officer Burns of her conversation with her acquaintance Officer Jan Moon, that there was not a criminal act involved to cause an arrest.  Officer Burns acknowledged knowing Officer Jan Moon, a ten year veteran with Seattle Police Department, but dismissed it as "That's Officer Moon, not me".

3.17     On July 5, 2009 at approximately 4:00 p.m., Plaintiff Monique Le arrived at the police station where she was charged with resisting arrest and she was put in a holding cell where she remained overnight.

3.18     While in the holding cell, Plaintiff Monique Le informed the King County Jail staff that she was a nursing mother and required a breast pump to relieve her milk.  After requesting the breast pump, repeatedly, Plaintiff Monique Le did not receive the breast pump and was forced to endure pain and a fever throughout the night and through the following day until her release at the end of the next evening. She also suffered extreme undue anxiety, being separated from her nursing child.

3.19     While in jail, the King County Jail staff sent Plaintiff Monique Le to the nurse because milk was leaking from her breasts, and to treat the engorgement pain that was escalating.

AMENDED COMPLAINT FOR DAMAGES 5

Swift & McDonald, P.S.
1809 Seventh Avenue, Suite 1108
Seattle, WA 98101
Tel: (206) 441-3377
Fax: (206) 224-9908

3.20    The nurse at the King County Jail failed to provide treatment as medically required for a lactating mother.

3.21    On July 6, 2009, the Seattle Police Department dropped the charges against Plaintiff Monique Le and released her the same day.

## IV. NEGLIGENCE

4.1  Plaintiff hereby alleges and incorporates all paragraphs in Sections I-III, above, by reference herein.

4.2  At the time of the Plaintiff's detention, Defendant King County owned, operated, maintained and/or controlled King County Jail.  As such, King County is vicariously liable for damages caused by the negligent action of the King County Jail staff in failing to provide adequate care for the Plaintiff, Monique Le, while in she was its care and custody.

## V. INFLICTION OF PHYSICAL AND EMOTIONAL DISTRESS

5.1  Plaintiff hereby alleges and incorporates all paragraphs in Sections I-IV, above, by reference herein.

5.2  The actions of the Defendant King County and the King County constitute negligent infliction of physical and emotional distress or, alternatively, intentional infliction of physical and emotional distress (outrage).

5.3  As a proximate cause of failing to provide adequate medical care while in the jail, Plaintiff Monique Le suffered damages as described in Section VII of this Complaint.

5.4  At all material times hereto, Defendant jail staff, King County Detention Facility, was King County employees acting within the course and scope of their employment and authority.

AMENDED COMPLAINT FOR DAMAGES 6

5.5  Because the jail staff were acting in furtherance of and within the course and scope of their employment with Defendant King County Jail during the commission of infliction of physical and emotional stress against Plaintiff Monique Le on July 5, 2009, Defendant King County Jail is liable to Plaintiff Monique Le under the doctrine of *Respondeat Superior*.

5.6  As a direct and proximate result of the above-described detention, while at the King County Jail, Plaintiff Monique Le, due to negligent actions of the King County Jail staff in failing to provide adequate care for the Plaintiff, Monique Le while in its care and custody, Plaintiff suffered physical and emotional distress and pain as described in Section VII of this Complaint.

5.7  The conditions of Plaintiff Le's confinement and failure to provide appropriate medical care by the King County Jail staff constitutes cruel and unusual punishment in violation of the Washington State Constitution, Art. I, § 1*4.*

### VI. BREACH OF DUTY TO TRAIN AND SUPERVISE

6.1  Plaintiff hereby alleges and incorporates all paragraphs in Sections I-V, above, by reference herein.

6.2  Defendant King County had a duty to properly train and supervise its employees, including King County Jail Staff.

6.3  Defendant King County Jail, as a matter of practice and policy, failed to properly train and supervise its employees concerning the duty of medical treatment to nursing inmates and providing of or having available breast pumps to alleviate pain and suiffering of individuals in need of a breast pump.

AMENDED COMPLAINT FOR DAMAGES 7

6.4   Defendant King County had a duty to properly supervise its employees, including Defendant King County Jail.

6.5   As a result of King County failing to train and supervise its employee Defendant King County Jail, Plaintiff Monique Le suffered damages as described in Section XI of this Complaint.

## VII. DAMAGES

7.1   Plaintiff hereby alleges and incorporates all paragraphs in Sections I-VI, above, by reference herein.

7.2   As a proximate cause of the aforementioned negligence and tortious conduct of Defendant, Plaintiff Monique Le suffered painful injuries, including but not limited to engorged breasts, emotional and psychological distress, mental injuries, loss of enjoyment of life, trauma, fear, fright, embarrassment, shame, cruel and unusual punishment during her detention, and any and all special, compensatory, and general damages allowed by law or otherwise, all in an amount to be proven at trial.

## IIX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment of liability in favor of the Plaintiff and against the Defendant herein as follows:

8.1   For judgment against Defendant for general and special damages in an amount to be proven at trial;

8.2   For judgment against Defendant for statutory penalties;

AMENDED COMPLAINT FOR DAMAGES 8

8.3 For compensatory damages, including, but not limited to loss of self-esteem, shame, embarrassment, humiliation, pain and suffering, emotional distress, and other damages to be proven at trial;

8.4   For all costs and expenses herein;

8.5   For attorney's fees and costs as provided by any applicable provision of the law;

8.6   For disbursements and litigation expenses; and

8.7   For such other and further relief as this Court deems just and equitable.

DATED this 17th day of August, 2012.

SWIFT & MCDONALD, P.S.

*/s/ CHARLES SWIFT*
CHARLES SWIFT, WSBA #41671
Co-Counsel for Plaintiff

*/s/ CATHERINE MCDONALD*
CATHERINE MCDONALD, WSBA #24002
Co-Counsel for Plaintiff

AMENDED COMPLAINT FOR DAMAGES 9

**Swift & McDonald, P.S.**
1809 Seventh Avenue, Suite 1108
Seattle, WA 98101
Tel: (206) 441-3377
Fax: (206) 224-9908